# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| LARRY COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05-471-CV-S-FJG |
| | ) |
| JOANNE BARNHART, | ) |
| Commissioner, Social Security | ) |
| Administration | ) |
| | ) |
| Defendant. | ) |

# ORDER

Currently pending before this Court is plaintiff's application for leave to file a civil action in forma pauperis (Doc. # 1). Pursuant to 28 U.S.C. § 1915, this Court may authorize the commencement or prosecution of any suit without prepayment of fees when an applicant files an affidavit stating that he is unable to pay the costs of the lawsuit. In <u>Martin-Trigona v. Stewart</u>, 691 F.2d 856, 857 (8th Cir. 1982), the court noted:

> There is a two step process to be followed by the district court in considering whether a pro se plaintiff should be permitted to proceed in forma pauperis. First, a determination of whether the plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is, under § 1915([e]), frivolous or malicious and, if so, to dismiss the complaint.

The district court must exercise its discretion in determining whether an applicant is sufficiently impoverished to qualify under § 1915. <u>Cross v. General Motors Corp.</u>, 721 F.2d 1152, 1157 (8th Cir. 1983), <u>cert. denied</u>, 466 U.S. 980 (1984). Such showing of poverty is sufficient if the applicant would become completely destitute or be forced to give up the basic necessities of life if required to pay the costs of the lawsuit. <u>Adkins v. E.I. Du Pont de Nemours & Co.</u>, 335 U.S. 331, 339 (1948); Local Rule 83.7(a) (1999).

Plaintiff's affidavit reveals that he is 52, single with no dependents.  Plaintiff is not presently employed, but was previously employed for eight months for a sea food company loading and unloading trucks. He was paid $7.00 an hour and worked 40 hours a week. Plaintiff does not own any real property.  He does own one vehicle valued at $1,500.00. Plaintiff states that he has no cash on hand. Plaintiff lists the following monthly obligations: a $50.00 monthly grocery expense.

Based upon the information provided in plaintiff's affidavit, the Court believes that plaintiff is sufficiently impoverished to be permitted to proceed in forma pauperis. Therefore, the Court shall **GRANT** plaintiff's application for leave to file this civil action in forma pauperis.

Additionally, the Court finds that Plaintiff's complaint is not barred by 28 U.S.C. § 1915(e)(2)(B).  The complaint does not appear to be frivolous, nor does it appear to state a claim on which relief cannot be granted or seek monetary relief against a defendant who is immune from such relief.

Accordingly, it is hereby **ORDERED** that plaintiff's application for leave to file a civil action in forma pauperis (Doc. #1) is **GRANTED**, and plaintiff may pursue this action without prepayment of fees, costs or security.  Because this case is included in the Case Management/Electronic Case Filing system, plaintiff's counsel shall electronically file the Complaint within five (5) days of the date of this Order.  It is further **ORDERED** that plaintiff's counsel shall be responsible for serving process in the manner described in Fed.R.Civ.P. 4(i).

Date: June 14, 2005                                    **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                                Fernando J. Gaitan, Jr.
                                                                   United States District Judge